

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00211-CR

_____

JUSTIN BARRETT FRAZELL, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 485th District Court
Tarrant County, Texas
Trial Court No. 1679448

---

Before Sudderth, C.J.; Birdwell and Womack, JJ.
Memorandum Opinion by Justice Birdwell

# MEMORANDUM OPINION

Appellant Justin Barrett Frazell appeals the trial court's judgment adjudicating him guilty of sexual assault. *See* Tex. Penal Code § 22.011(a)(1). In one issue, Frazell argues that the trial court abused its discretion by admitting certain testimony at the revocation hearing. Because we conclude that any error in admitting the complained-of testimony was harmless, we affirm.

## I. Background

Frazell was indicted for aggravated sexual assault (Count 1) and sexual assault (Count 2). In April 2022, pursuant to a plea bargain, he pled guilty to Count 2 in exchange for the State's waiving Count 1. The trial court deferred a finding of guilt and placed Frazell on community supervision for seven years. As part of his community-supervision conditions, Frazell was required to assume responsibility for his offense, submit to a sex-offender treatment evaluation, attend and participate fully in psychological counseling and treatment for sex offenders, and successfully complete treatment within three years of its initiation.

In February 2025, the State petitioned to proceed to adjudication. In its amended petition, the State alleged multiple violations of the conditions of Frazell's community supervision:

> 1. [Frazell] was ordered to submit valid, non-diluted, non-adulterated urine, hair, blood, breath or saliva samples for testing for controlled substances, alcohol and cannabinoids according to the time and manner as directed by the court or supervision officer and pay for testing as required. **CONDTION #8**

In violation of this condition, [Frazell] failed to provide a urine sample on or about April 13, 2022, as instructed by the supervision officer or the Court.

2. [Frazell] was ordered to submit valid, non-diluted, non-adulterated urine, hair, blood, breath or saliva samples for testing for controlled substances, alcohol and cannabinoids according to the time and manner as directed by the court or supervision officer and pay for testing as required. **CONDITION #8**

In violation of this condition, [Frazell] submitted a diluted urine [sample] on or about April 14, 2022.

3. [Frazell] was ordered to assume responsibility for his offense. **CONDITION #20**

In violation of this condition, [Frazell] failed to assume responsibility for his offense on or about August 31st, 2022.

4. [Frazell] was ordered to assume responsibility for his offense. **CONDITION #20**

In violation of this condition [Frazell] failed to assume responsibility for his offense on or about September 30th, 2022.

5. [Frazell] was ordered to assume responsibility for his offense. **CONDITION #20**

In violation of this condition [Frazell] failed to assume responsibility for his offense on or about March 31st, 2023.

6. [Frazell] was ordered to assume responsibility for his offense. **CONDITION #20**

In violation of this condition [Frazell] failed to assume responsibility for his offense on or about September 4th, 2024.

7. [Frazell] was ordered to submit to sex[-]offender treatment evaluation as directed by the supervision officer. Attend and participate fully in and successfully complete psychological counseling, treatment, and aftercare sessions for sex offenders with an individual or organization as specified

by or approved by the court or the supervision officer. Pay all costs of evaluation, counseling, treatment and aftercare. Treatment must be completed within three years of its initiation. Thirty-three percent of treatment goals to be completed by the end of the first year, sixty-six percent of treatment goals to be completed by the end of the second year and one hundred percent of treatment goals to be completed by the end of the third year. **CONDITION #37**

[Frazell] violated this condition in multiple manners on multiple dates as follows:

> (a) Using his cell phone and/or failing to participate fully during group therapy on or about August 9th, 2023.
>
> (b) Failed to attend a group session on or about September 20th, 2023.
>
> (c) Failed to fully participate in a group session on or about January 3rd, 2024.
>
> (d) Failed to follow instructions on an assignment and/or failed to fully participate in a group session on or about February 7th, 2024.
>
> (e) Failed to follow instructions on an assignment and/or failed to fully participate in a group session on or about February 14th, 2024.
>
> (f) Failed to fully participate in a group session on or about February 21st, 2024.
>
> (g) Fail[ed] to fully participate in a group session on or about March 20th, 2024.
>
> (h) Failed to fully participate in a group session on or about May 1st, 2024.
>
> (i) Failed to fully participate in a group session on or about June 19th, 2024.

4

(j) Failed to fully participate in a group session on or about July 10th, 2024.

(k) Failed to fully participate in a group session on or about August 7th, 2024.

(l) Failed to fully participate in a group session on or about October 2nd, 2024.

(m) Failed to complete thirty-three percent of treatment goals within 1 year on or about May 1st, 2024.

(n) Failed to complete assignments from April 12th, 2023, until discharge on December 20th, 2024.

(o) Failed to progress in treatment from April 12th, 2023, until discharge on December 20th, 2024.

(p) [Frazell] was unsuccessfully discharged from treatment on or about December 20th, 2024.

Before the trial court heard the State's petition, the State waived allegations 7(g) and 7(h). Frazell pled true to allegations 3, 4, 7(b), and 7(p) and not true to the remaining allegations.

During the revocation hearing, several witnesses testified about Frazell's attendance, participation in, and failure to successfully complete his sex-offender treatment. Specifically, the State elicited testimony regarding the specific violations it had alleged in its amended petition to proceed to adjudication. The State also elicited testimony regarding the allegations that it had waived. Frazell objected to that testimony on relevance grounds, arguing that it was irrelevant and should be excluded.

The trial court overruled Frazell's objections and allowed the witness, a therapist involved in Frazell's sex-offender treatment, to testify about the waived allegations.

The therapist testified that on March 20, 2024—the date relevant to allegation 7(g)—Frazell "attempt[ed] to use religion as a cure all rather than engage meaningfully in treatment and continue[d] to undermine the therapeutic process." The therapist then testified that on May 1, 2024—the date relevant to allegation 7(h)—Frazell "was confronted heavily by [the] group for making admissions to the polygrapher [about his offense] rather than to the therapist . . . or to the group."

After hearing the evidence and arguments of counsel, the trial court found allegations 1–6, 7(a)–(f), and 7(i)–(p) true. It stated that its findings of true "d[id] not mean that the sentence w[ould] be based upon all those infractions" but that Frazell had "persistently rejected what treatment was trying to accomplish," and the trial court "[wa]s not satisfied" with Frazell's "confronting what [he] did." The trial court adjudicated Frazell guilty of sexual assault as charged in Count 2 and sentenced him to six years' confinement.

## II. Standard of Review

We review a trial court's decision to admit evidence for an abuse of discretion. *In re Est. of Lopez*, 724 S.W.3d 847, 850 (Tex. 2025). We will not disturb the trial court's ruling if it falls within the zone in which reasonable minds may differ. *Inthalangsy v. State*, 634 S.W.3d 749, 754 (Tex. Crim. App. 2021); *Jumper v. State*,

No. 02-22-00286-CR, 2024 WL 3059060, at *2 (Tex. App.—Fort Worth June 20, 2024, pet. ref'd) (mem. op., not designated for publication).

If the trial court abused its discretion by admitting the complained-of evidence, that error is reviewed as nonconstitutional error. *Patterson v. State*, 508 S.W.3d 432, 440 (Tex. App.—Fort Worth 2015, no pet.) ("The erroneous admission of evidence is nonconstitutional error."). Nonconstitutional error will be reversed "only if it affects an appellant's substantial rights." *Id.*; *see* Tex. R. App. P. 44.2(b).

### III. Analysis

In his sole issue, Frazell argues that the trial court abused its discretion by admitting the therapist's testimony regarding the alleged violations that the State had waived prior to the revocation hearing. Specifically, he complains of the following testimony:

- Frazell does not give constructive feedback to the assignments[;] rather[,] he attempts to use religion as a cure all rather than engage meaningfully in treatment;

- Frazell continues to undermine the therapeutic process with his comments;

- Frazell should be discharged from the group; [and]

- Frazell was heavily confronted by the group for making admissions to the polygrapher rather than the therapist or the group.

According to Frazell, this testimony was not relevant and should have been excluded.

7

In the section of his brief discussing whether the complained-of testimony affected his substantial rights, Frazell asserts that "[t]he most problematic testimony" was the therapist's "accus[ing] Frazell of attempting to use religion as a 'cure all' rather than engaging meaningfully in treatment, therefore undermining the therapeutic process." As to the remaining testimony, Frazell concedes that it "appeared elsewhere in the record, so it would not go toward the harm analysis." *See* Tex. R. App. P. 44.2(b); *see also Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998) (holding that a trial court's erroneous admission of evidence will not require reversal when other such evidence was received without objection before or after the admission of the disputed evidence); *Sandone v. State*, 394 S.W.3d 788, 794 (Tex. App.—Fort Worth 2013, no pet.) ("The improper admission of evidence is harmless if the same or similar evidence is admitted without objection at another point in the trial.").

Assuming, without deciding, that the trial court erred by admitting the complained-of testimony, we conclude that any error was harmless. While Frazell objected to the relevance of the testimony that he had "attempt[ed] to use religion as a cure all rather than engage meaningfully in treatment and continue[d] to undermine the therapeutic process," he did not object to the following testimony from the therapist: (1) Frazell had skipped a required therapy session to go to church; (2) Frazell had stated during his treatment that he "d[id] not learn anything in group because he'[d] already made all the changes he need[ed] to make with his Bible study group"; (3) Frazell had not followed instructions on an assignment because, instead of

8

relating it to his offense, he listed "seek spiritual guidance and . . . had a Bible verse for every single one"; and (4) Frazell's attitude toward his treatment was "[l]ike magical thinking," referring to his use of religion to avoid putting in any "real effort." Nor did Frazell object when the State asked the therapist whether having the Bible in sex-offender treatment would "take care of everything" and the therapist answered that religion and the Bible, while "positive thing[s]," have "not been proven to lower recidivism rates." And on cross-examination, Frazell elicited testimony from the therapist that, in response to Frazell's statement that he did not need treatment, she "told him that God was not going to sign his completion certificate." Frazell then asked the therapist whether having a relationship with God could be considered a positive rule to live by during treatment, and he did not object when she answered that "having a spiritual belief is a protective factor." Because the same or similar evidence was admitted without objection both before and after the complained-of testimony, any error in admitting the complained-of testimony was harmless. *See Leday*, 983 S.W.2d at 718; *Sandone*, 394 S.W.3d at 794; *see also Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003) (requiring a party to object each time the objectionable evidence is offered).

Further, any error in admitting the complained-of testimony was harmless because Frazell does not challenge every possible ground—or any ground— supporting the trial court's judgment adjudicating guilt. In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated

9

at least one of the terms and conditions of community supervision. *Bryant v. State*, 391 S.W.3d 86, 93 (Tex. Crim. App. 2012); *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006). The trial court's finding of a single violation of a condition of community supervision is sufficient to support adjudication. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012). On appeal, an appellant must successfully challenge all the findings that support the revocation order. *Guerrero v. State*, 554 S.W.3d 268, 274 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *see Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) ("We need not address appellant's other contentions since one sufficient ground for revocation will support the court's order to revoke probation.").

Frazell pled true to four of the alleged violations in the State's amended petition to proceed to adjudication, including the allegation that he had been unsuccessfully discharged from his sex-offender treatment. The trial court found all the nonwaived allegations true. Frazell's sole issue on appeal—that the trial court erred by admitting irrelevant testimony—relates only to the two allegations that the State had waived prior to the revocation hearing and for which the trial court made no finding. Thus, even if the trial court erred by admitting the complained-of evidence, its judgment adjudicating Frazell's guilt is still supported by its findings as to the remaining alleged violations. *See Johnson v. State*, No. 05-21-00964-CR, 2023 WL 3476377, at *4 (Tex. App.—Dallas May 16, 2023, no pet.) (mem. op., not designated for publication) (upholding judgment adjudicating guilt when appellant

10

complained of evidence related to only two of the State's allegations but did not challenge every ground supporting the judgment); *see also Whitaker v. State*, Nos. 02-25-00053-CR, 02-25-00054-CR, 2025 WL 3683999, at *9 (Tex. App.—Fort Worth Dec. 18, 2025, pet. ref'd) (mem. op., not designated for publication) (upholding judgment adjudicating guilt because appellant did not challenge on appeal all the grounds on which the trial court based its adjudication decision); *Guerrero*, 554 S.W.3d at 274 (affirming judgment revoking community supervision and adjudicating guilt because appellant failed to challenge all grounds for revocation found by the trial court).

In his reply brief, Frazell argues that he was harmed by the admission of the complained-of testimony "because it impermissibly targeted [his] religious beliefs" in violation of both the First Amendment and the Texas Religious Freedom Restoration Act. We do not consider this argument because Frazell raised it for the first time in his reply brief. *See* Tex. R. App. P. 38.3 (restricting an appellant's reply brief to "addressing any matter in the appellee's brief"); *Chambers v. State*, 580 S.W.3d 149, 161 (Tex. Crim. App. 2019) ("[N]ew issues raised in a reply brief should not be considered."); *Mayweather v. State*, 722 S.W.3d 116, 120 (Tex. App.—Houston [1st Dist.] 2025, no pet.) ("We need not address this argument because it was raised for the first time in a reply brief."). Additionally, Frazell did not raise this argument in the trial court; he objected to the complained-of testimony only on relevance grounds.

11

Thus, he has not preserved this argument for our review. *See* Tex. R. App. P. 33.1(a); *Montelongo v. State*, 623 S.W.3d 819, 822 (Tex. Crim. App. 2021).

We conclude that any error in admitting the complained-of testimony was harmless. Accordingly, we overrule Frazell's sole issue.

## IV. Conclusion

Having overruled Frazell's sole issue, we affirm the trial court's judgment.

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 2, 2026